UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------

THE UNITED STATES OF AMERICA

      vs.

CHRISTOPHER D. CASACCI,
d/b/a Exotic Cubs.com,

           Defendant.

-----------------------------------------------------------

**DECLARATION OF NICHOLAS A. ROMANO, ESQ., IN SUPPORT OF OMNIBUS PRETRIAL MOTIONS**

Docket No.: 20-CR-5-A

      **NICHOLAS A. ROMANO, ESQ.**, under the penalty of perjury and pursuant to 28 U.S.C. § 1746, declares the following to be true and correct:

      1.     I am an attorney licensed to practice in the State of New York and admitted to the bar of this Court, and an associate with the law firm **CONNORS LLP**, attorneys for the defendant, **CHRISTOPHER D. CASACCI, D/B/A EXOTIC CUBS.COM**, in this action. As such, I am fully familiar with the pleadings and proceedings to date in this action.

      2.     I make this declaration in support of Mr. Casacci's omnibus pretrial motions. More specifically, this declaration will provide this Court with the information and exhibits pertinent to the requests for various forms of relief set forth in the accompanying notice of motion and memorandum of law.

      3.     Unless otherwise stated, the factual allegations contained in this declaration are made upon information and belief, based on the pleadings, and upon our independent investigation, discussions with the government, and review of

various documents, including the discovery materials, relevant statutes, case law, and other authorities.

## PROCEDURAL HISTORY

4. On January 8, 2020, a federal grand jury indicted Mr. Casacci on thirty-three counts: Lacey Act – Trafficking in violation of 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(1)(B) (Counts 1 to 14); Lacey Act – False Labeling in violation of 16 U.S.C. §§ 3372(d)(2) and 3373(d)(3)(A)(ii) (Counts 15 to 18); and the Animal Welfare Act in violation of 7 U.S.C. §§ 2134 and 2149(d) (Counts 19 to 33). *See* Docket No. 1 (Indictment).

5. Mr. Casacci was arraigned on the Indictment on January 9, 2020. During his arraignment, Mr. Casacci pled "not guilty," and this Court released him on conditions and set a briefing schedule for discovery and pretrial motions. *See* Docket Nos. 4 (Minute Entry) & 5 (Scheduling Order). Mr. Casacci has been compliant with all conditions of release.

6. On March 9, 2020, and April 24, 2020, Mr. Casacci moved for extensions of time to file discovery and pretrial motions, *see* Docket Nos. 8 (Motion for Extension of Time) & 13 (Motion for Extension of Time), and this Court entered Orders granting the extensions on March 9, 2020, and April 24, 2020, respectively. *See* Docket Nos. 10 (Text Order) & 14 (Text Order).

7. This Court ultimately issued a Second Amended Scheduling Order, which established that all pretrial motions were to be filed on or before May 8, 2020; responses due on or before May 29, 2020; replies due on or before June 12, 2020;

and oral argument is scheduled for June 18, 2020. *See* Docket No. 15 (Second Amended Scheduling Order). Accordingly, these motions are timely.

## ARGUMENT

8.      Christopher D. Casacci is a successful 37-year-old entrepreneur and small business owner. A Western New York native, Chris is a doting father to his two daughters and a lifelong animal lover.

9.      In late 2017, Chris followed his passion for animals and started an African cat project (ExoticCubs.com) and Exotic Cat Humane Society, LLC, in part to rescue African cats and place them in healthy, safe sanctuaries and other environments. Chris limited his project to small serval and caracal kittens, which were no larger than 3 to 12 lbs., or the size of a domestic cat. A copy of Mr. Casacci's Import/Export License from the United States Fish and Wildlife Service, dated December 20, 2017, is attached as *Exhibit A*.[1] Screenshots of the website for ExoticCubs.com and Exotic Cat Humane, Society, LLC, are attached as *Exhibit B*. A copy of the New York State Department of State Articles of Organization for Exotic Cat Humane Society, LLC, dated January 17, 2018, is attached as *Exhibit C*.

10.     As explained more fully in the accompanying memorandum of law, the government is mistaken about Mr. Casacci. It has concluded that Mr. Casacci – despite forming a humane society dedicated to African cats, maintaining a public

---

[1] It is important to note that the publicly-filed versions of the exhibits may be redacted. The defense is providing unredacted versions of all exhibits to this Court and the government.

website, and working with a variety of federal and New York State entities to obtain the proper licensing – engaged in illegal conduct.

11. More specifically, the government claims Mr. Casacci violated the Lacey Act by illegally possessing and trafficking African cats and by falsely labeling them in interstate commerce. The government also claims Mr. Casacci violated the Animal Welfare Act for starting his project and trafficking African cats without a license.

12. Mr. Casacci never acted with any criminal intent. He diligently sought and followed the advice of government officials; endeavored to comply with all laws, regulations, and rules; and made every efforts to run his new company legally and properly.

13. For the reasons set forth in the accompanying memorandum of Law, Mr. Casacci moves to dismiss all Lacey Act and Animal Welfare Act counts under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) because they fail "to state an offense." Second, in the alternative, Mr. Casacci moves to dismiss all remaining multiplicitous counts against him under Federal Rule of Criminal Procedure 12(b)(3)(B)(ii).

14. In the event that this Court disagrees and permits the allegations against Mr. Casacci to proceed, he is entitled to alternative relief described more fully below and in the notice of omnibus pretrial motions and memorandum of law.

15. Indeed, this relief includes the suppression of statements Mr. Casacci allegedly made to law enforcement after he invoked his right to remain silent and right to counsel, and the suppression of evidence obtained as a result of illegal searches at and seizures from Mr. Casacci's home.

16. The statements that the government alleges Mr. Casacci made to law enforcement during the execution of a search warrant on July 5, 2018, were made while he was in police custody and subjected to interrogation, but he was never given requisite *Miranda* warnings. They were also made after Mr. Cassaci refused to answer any questions without his attorneys. A copy of a portion of Report of Investigation, undated, and Environment Conservation Police Notice of Intention to Offer Statement (CPL 710.30) are attached as *Exhibit D*. A transcript and audio recording of a portion of Mr. Casacci's statements are attached as *Exhibit E*.[2]

17. Consequently, the alleged statements Mr. Casacci made to law enforcement should be suppressed for the reasons stated in the accompanying memorandum of law.

18. In addition, the search at issue was conducted on July 5, 2018. A copy of the Application for Search Warrant, dated July 3, 2018; Search Warrant, dated July 3, 2018; and Search Warrant Return, dated July 10, 2018, are attached as *Exhibit F*.

---

[2] The audio recording contained in *Exhibit E* will only be provided to this Court and the government.

19. The application for the search warrant, however, omitted the material fact that Mr. Casacci formed a humane society, which exempted him from New York State Environmental Conservation Law § 11-0512(2)(d) – the underlying violation of law for the Lacey Act counts. Law enforcement also exceed the scope of the search warrant when it seized tax documents and copied Mr. Casacci's computer without authorization from the issuing magistrate. Furthermore, law enforcement violated the search warrant and prejudiced Mr. Casacci by removing the African cats to Nevada and Arkansas.

20. For the reasons stated in the accompanying memorandum of law, at a minimum this Court should order a *Franks* hearing to get to the bottom of these issues associated with the warrant application and a taint hearing to measure the appropriate remedy for the breach of Mr. Casacci's Fourth Amendment rights.

21. Finally, this Court should order the additional relief requested in the accompanying notice of omnibus pretrial motions and memorandum of law, to permit Mr. Casacci to fairly defend himself and exercise his constitutional rights.

22. Specifically, Mr. Casacci respectfully requests, in the alternative to dismissal, an Order of this Court striking as surplusage portions of paragraph 5 to the Introductory Allegations and paragraph 2 to Counts 19 to 33 of the Indictment under Federal Rule of Criminal Procedure 7(d) for being argumentative, unfairly prejudicial, and irrelevant.

23. Moreover, Mr. Casacci respectfully requests an Order of this Court further directing: (a) the government to prepare and provide a bill of particulars as to the Indictment, under Federal Rule of Criminal Procedure 7(f), providing particularly with respect to the criminal activity alleged; (b) discovery pursuant to Rules 12(b)(3)(E) and 16 of the Federal Rules of the Criminal Procedure; (c) the government to produce material favorable to the defense pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), and its progeny; (d) the timely disclosure of *Jencks* material owed pursuant to 18 U.S.C. § 3500; (e) the preservation of all agent notes in the custody or control of the government; (f) notice of any anticipated expert witness testimony under Federal Rules of Evidence 702 and 703, and permitting compliance with *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999); (g) disclosure and a hearing pursuant to Federal Rules of Evidence 404(b), 608, and 609; (h) pretrial disclosure of evidence offered pursuant to Federal Rule of Evidence 807; (i) pretrial disclosure of evidence offered pursuant to Federal Rule of Evidence 806; (j) preserving of Mr. Casacci's right to move for additional relief as necessary; and (k) all additional relief this Court deems just and proper.

24. I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: May 8, 2020

                                                 */s/Nicholas A. Romano*
                                                 NICHOLAS A. ROMANO