# Exhibit 10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

In the Matter of the Property Seized From CHRISTOPHER CASACCI,

Petitioner,

Index No. 814506/2018

For a Judgement Pursuant to CPLR Article 78      VERIFIED PETITION

-against-

INVESTIGATOR ROBERT PEINKOFER, LIEUTENANT ROBERT O'CONNOR AND THE NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION POLICE,

Respondents.

TO THE SUPREME COURT OF THE STATE OF NEW YORK

### INTRODUCTORY STATEMENT

This Article 78 proceeding is brought to challenge the refusal of the New York State Department of Environmental Conservation Police's (NYSDEC) in returning the property that such entity seized from the Petitioner on July 5, 2018. This property consisted of seven exotic cats: to wit: four Servals, two Caracals, and a single Savannah named Tigger which has been Petitioner's household pet for four years. This property was seized pursuant to a search warrant issued by the Honorable Amherst Town Court Justice Kara A. Buscaglia on July 3, 2018. Such warrant is attached hereto as Exhibit A. These cats were seized under the belief that Petitioner was operating as an illegal pet dealer. This was a faulty premise, as Petitioner runs an incorporated Humane Society, and is therefore exempt from such restrictions that would otherwise render such possession of these animals to be unlawful. As such, since the seizure of said animals on July 5, 2018 to the present time, no charges of any kind have been pursued against Petitioner. Therefore, on August 31, 2018, a demand letter was sent to the Respondents, Investigator Robert J. Peinkofer and his Lieutenant, Robert O'Connor, of the NYSDEC asking for the return of Petitioner's property, as the decision to hold Petitioner's property in perpetuity

CASACCI-NYSDEC-0000301

without pursuing criminal charges is a blatant violation of the 5th Amendments prohibition on the taking of citizens' property without due process of law.

## JURISDICTION, VENUE, AND PARTIES

1. This Court has jurisdiction in this matter pursuant to §7801, et seq. of the Civil Practice Law and Rules (CPLR).

2. Venue is properly set in Erie County pursuant to CPLR §§ 7804(b) and 506(b), because Respondent NYSDEC has an office located at 270 Michigan Avenue, Buffalo, NY 14203, within this district.

3. Petitioner, Christopher Casacci, resides at [Redacted] Amherst, NY 14221.

4. Respondent NYSDEC and its' employees, Respondents O'Connor and Peinkofer, have offices located at 270 Michigan Avenue, Buffalo, NY 14203.

## STATEMENT OF FACTS

5. Petitioner operates an incorporated humane society by the name of "Exotic Cat Humane Society, LLC. This entity was incorporated on January 17, 2018. Attached hereto as Exhibit B is the Petitioners' Certificate of Incorporation, reflecting the same.

6. Through this humane society, Petitioner has helped place unwanted animals, such as serval cats, into sanctuaries to ensure the survival and well-being of the relevant animal.

7. Petitioner has imported several caracals and servals from Africa that were designated to be killed on hunting preserves if not for Petitioner's intervention. Attached hereto as Exhibit C is Petitioner's Verified affidavit, detailing the humane work that he has done to aid and support such sentient beings.

CASACCI-NYSDEC-0000302

8. Petitioner imported such animals legally through the Convention on International Trade in Endangered Species of Wild Fauna and Flora (CITES).

9. As a humane society, and as an individual with an United States Fish and Wildlife Import license, Petitioner was exempt from the state laws that would prohibit him from the possession of such animals.

10. On July 3, 2018 Respondent Peinkofer, an investigator for the NYSDEC, applied for and received a search warrant for Petitioner's residence. Such a warrant was issued by Town of Amherst Justice Kara A. Buscaglia, and was presumably done so without knowing that Petitioner operated a duly incorporated Humane Society.

11. This warrant was executed upon Petitioner's home on July 5, 2018. During the execution of said warrant, Respondent NYSDEC seized seven exotic cats in total.

12. To this date, no criminal charges have been filed against Petitioner.

13. Since the seizure, Petitioner's house cat Tigger has been shipped to Turpentine Creek, Arkansas while other animals have been seized to a facility in Nevada..

14. Additionally, these facilities have used the illegal seizure of Petitioner's animals to collect donations from individuals, and have obtained several thousands of dollars by doing so. Proof of such efforts is attached hereto as Exhibit D in the form of social media postings by the facilities in question.

15. On August 31, 2018, Counsel sent a demand letter to Robert J. Peinkofer instructing the NYSDEC to promptly return Petitioner's animals, as they cannot simply be held in perpetuity and have been suffering as result thereof. Proof of such fact, and the fact that the Arkansas shelter makes light of the Savannah cats' suffering in its confinement and

CASACCI-NYSDEC-0000303

without its owner, is attached hereto as Exhibit E in the form of a social media posting made on September 1, 2018, by Turpentinecreek.

16. To this date, no response has been given in the matter constituting an effective denial of the demand on the part of the NYSDEC.

## CAUSES OF ACTION

### First Cause of Action for the Unconstitutional Taking of Petitioner's Property Without Due Process of Law

17. Petitioner repeats and realleges each and every allegation contained in paragraphs 1 through 16 as if set forth fully herein.

18. It is a fundamental principal of American jurisprudence that no individual shall be deprived of his property without due process of law. This principal was codified in the 5th Amendment to the Constitution and applied to the states via the 14th Amendment.

19. "A CPLR article 78 proceeding will properly lie to require the return of property, other than contraband, seized pursuant to a search warrant and held for an unreasonable length of time without the commencement of a criminal action." Moss v Spitzer, 19 AD.3d 599, 600 (2d Dept 2005).

20. "[S]ince property seized pursuant to a search warrant remains in the control of the issuing judge, that judge is a proper respondent in such a proceeding." Id. at 600.

21. An article 78 proceeding is available to review a state agencies' refusal of a demand made for the return of held property. See, Boyle v Kelley, 42 NY. 2d 88, 91 (1977).

22. The ultimate question in the present matter is whether an unreasonable length of time has passed since the initial seizure of Petitioner's property until now, with no criminal action being commenced.

CASACCI-NYSDEC-0000304

23. Due to the nature of the property seized, the amount of time which constitutes unreasonable differs than if the nature of the property was non-sentient in nature.

24. The property seized were several live animals from Petitioner. Unlike most chattels, which are inanimate objects that do not have a limited life span, animals are quite different. An animal has only a limited time to live, and the value of animals degrades over time. As such, the only logical conclusion is that when animals have been seized from their owner, the amount of time that they can be held without the filing of criminal charges is shorter than with most chattels.

25. In the case at bar, the animals were seized from the Petitioner well over two months ago and there has been no criminal action initiated against him in relation to the seizure. This lengthy period constitutes an unreasonable amount of time for Petitioner's property to remain in the custody of Respondents, and not have any criminal charges filed against the Petitioner.

26. Furthermore, if the Respondents argue that the animals are being held as part of an ongoing investigation, this argument is without merit.

27. The animals are in fact not even in the possession of Respondents at this time, having been sent to shelters across the nation. These actions alone were done so illegally, as the NYSDEC acted well outside the jurisdiction granted in the search warrant, by shipping the animals to various locations across the country.

28. In this matter, there simply is no excuse for a criminal investigation to take over two months prior to the commencement of a criminal action. The matter is relatively simple, with the central question being whether the Petitioner had the requisite legal status in

CASACCI-NYSDEC-0000305

order to possess these animals. If he did, then no crime has been committed. This is a simple determination that simply does not take three months' time.

29. Petitioner maintains to this day that he has committed no illegal acts, as he was exempt from the New York Environmental Conservation Law at issue.

30. With respect to the possession of the animals in question, New York States' Environmental Conservation Laws (ECL), § 11-0512(2) states "This section shall not apply to the following persons and entities with respect to wild animals owned or harbored by them solely for a purpose other than for use as a pet: . . . d. Licensed veterinarians and **incorporated humane societies**, animal shelters, societies for the prevention of cruelty to animals or **animal welfare organizations in temporary possession of wild animals.**"

31. As has already been stated, Petitioner has maintained an incorporated humane society since January 17, 2018, some six months prior to the seizure from his home. At this time, the seizure itself is a clear abuse of executive power. The NYSDEC simply cannot continue to hold Petitioner's property in perpetuity under the guise of a pending criminal investigation, when it can be clearly established that Petitioner has committed no offense.

32. In the event that charges are filed in this matter prior to this petition being heard by the Court, the property should still be returned to Petitioner for the following reasons: First and foremost, any subsequent charges would presumably be retaliatory in nature as the People have been given a significant amount of time to file charged, yet they have chosen not to do so. Any charges which would now be filed should be viewed as retaliation for Petitioner having the gall to seek to have his rightful property returned to him.

CASACCI-NYSDEC-0000306

33. Secondly, the property should be returned to Petitioner even in the event that charges are filed in this matter, as the animals will be better off in his care while the charges are pending. This is especially true for Petitioner's house pet Tigger who has been undoubtedly stressed and tormented by being separated from his loving owner.

**WHEREFORE**, Petitioner demands judgement for appropriate permanent relief in the form of the return of all property seized from his home on July 5, 2018 by the NYSDEC which has been held for an unreasonable time, attorney fees and the costs associated with this action, and any other relief the Court deems just and proper.

DATED: Buffalo, New York
September 10, 2018

THE LAW OFFICES OF MATTHEW ALBERT ESQ.

By:/s/ Matthew Albert
MATTHEW ALBERT, ESQ.
Attorney for Petitioner
Office and P.O. Address
254 Richmond Ave
Buffalo, New York 14222
(716) 445-4119

CASACCI-NYSDEC-0000307

STATE OF NEW YORK )
) SS.:
COUNTY OF ERIE )

## VERIFICATION

Christopher Casacci, being duly sworn, deposes and says: I am the PLAINTIFF in the within action; I have read the forgoing petition and order to show cause dated September 10, 2018, and know the contents thereof; the same is true to the best of my own knowledge, except as to the matters stated therein to be alleged on information and belief and as to those matters, I believe them to be true.

_____
Christopher Casacci

Sworn to before me this

14th day of Sept., 2018.

_____
Notary Public

JESSICA MORRILL
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MO6352593
Qualified in Erie County
My Commission Expires 12-27-2020

CASACCI-NYSDEC-0000308

## ATTORNEY CERTIFICATION

I, MATTHEW A. ALBERT, ESQ., HEREBY CERTIFY, under penalty of perjury and as an officer of the Court that I have no knowledge that the substance of any of the factual submissions contained in any of these documents and/or attached affidavits and exhibits are false, and believe them to all be true.

Dated: September 13, 2018

MATTHEW A. ALBERT, ESQ.

CASACCI-NYSDEC-0000309