IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                                    20-CR-05

CHRISTOPHER D. CASACCI
d/b/a Exotic Cubs.com,
                    Defendant.

## PLEA AGREEMENT

The defendant, CHRISTOPHER D. CASACCI, and the United States Attorney for the Western District of New York, through the undersigned Assistant United States Attorney Aaron J. Mango, and the Environment and National Resources Division, through Trial Attorney Patrick M. Duggan (hereinafter "the government"), hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and plead guilty to a three count Superseding Information which charges:

    a. In Count 1, a violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(1)(B) (Lacey Act Trafficking) for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of up to 3 years.

    b. In Count 2, a violation of Title 16, United States Code, Sections 3372(d)(2) and 3373(d)(3)(A)(ii) (Lacey Act False Labeling) for which the maximum possible

sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of up to 3 years.

    c.    In Count 3, a violation of Title 7, United States Code, Sections 2134 and 2149(d) (Animal Welfare Act) for which the maximum possible sentence is a term of imprisonment of 1 year, a fine of $100,000, a mandatory $25 special assessment and a term of supervised release of up to 1 year.

    d.    The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing for each count.

2.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximums set forth in Paragraph 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3.    The defendant understands the nature of the offenses set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

Count 1

    a.    Defendant knowingly transported, sold, received, acquired, or purchased wildlife in interstate commerce;

2

  b. The wildlife was possessed, transported, and sold in violation of the New York State law;

  c. Defendant knew the wildlife had been possessed, transported, and sold in a manner unlawful under New York State law; and

  d. Defendant knowingly engaged in conduct involving the sale or purchase of wildlife with a market value in excess of $350.

Count 2

  a. The Defendant knowingly made or submitted, and caused to be made or submitted, a false record, account, label for, or identification of wildlife;

  b. The wildlife was, or was intended to be, transported in interstate commerce; and

  c. The Defendant knowingly engaged in conduct involving the sale or purchase of wildlife with a market value in excess of $350.

Count 3

  a. The Defendant knowingly sold and transported, in commerce, an animal for use as a pet;

  b. The Defendant did not possess a valid license from the U.S. Department of Agriculture (USDA); and

  c. The Defendant was aware he did not possess a valid license from the USDA.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the pleas of guilty, including relevant conduct:

  a. Between November 22, 2017, and July 5, 2018, defendant Christopher Casacci engaged in the purchase, importation, and sale of caracals and servals. Caracals and servals are wild cats native to Africa which are protected pursuant to the Convention on International Trade in Endangered Species of Wild Fauna and Flora (CITES).

b. Caracals and servals are illegal to import, possess, or sell in New York State for use as a pet. On November 22, 2017, and again on December 14, 2017, the defendant applied for a permit to possess a single caracal in New York State for exhibition purposes. On both occasions the application was denied.

c. In January of 2018, the defendant created the website www.Exoticcubs.com, on which he offered caracal and serval kittens for sale for between $7,500 and $10,000 each. Between January 25, 2018, and June 6, 2018, the defendant imported approximately 18 caracal kittens and 12 serval kittens from South Africa.

d. From on or about February 19, 2018, to on or about June 7, 2018, the defendant sold wildlife, that is, at least 12 caracals and at least 5 servals for use as pets in interstate commerce. As part of the relevant conduct for this offense, the defendant also possessed with the intent to sell in interstate commerce 3 caracals and 4 servals. In total, the market value for all the caracals and servals sold and/or possessed with the intent to sell by the defendant was $180,855. The defendant knew that it was unlawful to possess and sell caracals and servals for use as pets in New York State.

e. From on or about April 6, 2018, to on or about May 15, 2018, the defendant knowingly made or submitted or caused to be made or submitted false labels that falsely identified caracals and servals as domestic breeds of cat in order to conceal the true species when shipping animals to buyers. Specifically, on four occasions, the defendant falsely labeled caracals sent in interstate commerce via air shipments as either "Cat-Savannah," "Caracat," or "Cat-Bengal" with a market value in excess of $350.00. At the time the defendant shipped these caracals, the defendant was aware that they were falsely labeled.

f. At the time the defendant engaged in the above mentioned conduct, the defendant did not possess a valid license from the United States Department of Agriculture. The defendant was aware he did not possess a valid license because in February of 2018, the defendant began the process of applying for a USDA permit that would allow him to possess animals for exhibition purposes. The defendant did not complete the application, but continued to possess and sell animals for use as pets.

## III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6. The government and the defendant agree that Guideline § 2Q2.1(a) applies to the offense of conviction for Count 1 and provides for a base offense level of 6.

7. The government and the defendant agree that Guideline § 2Q2.1(a) applies to the offense of conviction for Count 2 and provides for a base offense level of 6.

8. The government and the defendant agree that Guideline § 2X5.2 applies to the offense of conviction for Count 3 and provides for a base offense level of 6.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

9. The government and the defendant agree that the following specific offense characteristics apply to Count 1:

   a. the 2-level increase pursuant to Guideline § 2Q2.1(b)(1)(A) [offense was committed for pecuniary gain or otherwise involved a commercial purpose]; and

   b. the 10-level increase pursuant to Guideline § 2Q2.1(b)(3)(A)(ii) and § 2B1.1(b)(1)(F) [market value of the wildlife exceeded $150,000].

5

10. The government and the defendant agree that the following specific offense characteristics apply to Count 2:

    a. the 2-level increase pursuant to Guideline § 2Q2.1(b)(1)(A) [offense was committed for pecuniary gain or otherwise involved a commercial purpose]; and

    b. the 4-level increase pursuant to Guideline § 2Q2.1(b)(3)(A)(ii) and § 2B1.1(b)(1)(C) [market value of the wildlife exceeded $15,000].

## ADJUSTED OFFENSE LEVEL

11. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction for Count 1 is 18.

12. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction for Count 2 is 12.

13. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction for Count 3 is 6.

## COMBINED ADJUSTED OFFENSE LEVEL

14. The government and the defendant agree that pursuant to Guideline § 3D1.2(d), the offenses of conviction under Count 1, Count 2, and Count 3 must be grouped together, and that pursuant to Guideline § 3D1.3(b), the grouped offenses result in a combined adjusted offense level of 18.

## ACCEPTANCE OF RESPONSIBILITY

15. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two-level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one-level downward adjustment of Guideline § 3E1.1(b), which would result in a total offense level of 15.

## CRIMINAL HISTORY CATEGORY

16. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

17. It is the understanding of the government and the defendant that, with a total offense level of 15 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 18 to 24 months, a fine of $7,500 to $75,000, and a period of supervised release of 1 to 3 years. Notwithstanding the above, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

7

18. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

19. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

20. In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V. REMOVAL

21. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

22. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment;

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

   e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

23. At sentencing the government will move to dismiss all counts of the Indictment in this action pending against the defendant.

24. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

25. The defendant understands and agrees that the Court, at the time of sentencing, may order that all monetary penalties imposed at that time (including any fine or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and subject to immediate enforcement by the United States. The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

## VII. APPEAL RIGHTS

26. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within the sentencing range set forth in Section III, ¶ 17, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

27. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the

future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

28. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 17, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. ABANDONMENT PROVISIONS

29. As a condition of the plea, the defendant agrees not to contest any abandonment proceeding against the following property:

    a. One Caracal (Jester, PIT Tag #681)

    b. One Caracal (Jellybeans, PIT Tag #690)

    c. One Serval (PIT Tag #341)

    d. One Serval (PIT Tag #342)

    e. One Serval (PIT Tag #347)

    f. One Serval (PIT Tag #350)

30. The final disposition of the property will be effectuated by abandonment proceedings initiated by the U.S. Fish and Wildlife Service pursuant to 41 C.F.R. Section 128-

48.102. The defendant agrees that the property was involved in the underlying conduct which forms the basis of this plea agreement and waives any and all statutory and constitutional rights to contest such abandonment proceedings, including but not limited to time restrictions and notice provisions with respect to the final disposition of the above property.

31.     The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, in its discretion, dispose of any or all of the property referred to in this agreement.

32.     The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for abandonment and disposition of the property above survives and shall be given full force and effect.

33.     The defendant further agrees that the abandonment of the aforementioned property as authorized herein shall not be deemed an alteration of the defendant's sentence and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

34.     The defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with this prosecution and sentence, including the abandonment of assets as provided in this agreement.

## IX. TOTAL AGREEMENT AND AFFIRMATIONS

35. This plea agreement represents the total agreement between the defendant, CHRISTOPHER D. CASACCI, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____
AARON J. MANGO
Assistant U.S. Attorney

Dated: April 27, 2021

JEAN E. WILLIAMS
Acting Assistant Attorney General
Environment and Natural Resources Div.

BY: _____
PATRICK M. DUGGAN
Trial Attorney

Dated: April 27, 2021

I have read this agreement, which consists of pages 1 through 13. I have had a full opportunity to discuss this agreement with my attorney, James W. Grable, Esq. *and Nicholas A. Romeno, Esq.* I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
CHRISTOPHER D. CASACCI
Defendant

Dated: April 27th, 2021

_____
JAMES W. GRABLE, ESQ. *Nicholas A. Romeno, Esq.*
Attorney for Defendant

Dated: April 27, 2021

13